E-FILED

Thursday, 06 September, 2007  02:43:00 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GREGORY MORRIS, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No.  07-3057 |
| | ) | |
| BRIAN THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Petitioners' Motion to Submit Writ of Habeas Corpus as a Class Action (d/e 2).  Petitioners are committed to the custody of the Illinois Department of Human Resources (DHS) pursuant to the Illinois Sexually Violent Persons Act (Act).  725 ILCS 207/1.  Petitioners are all being held at the DHS facility located in Rushville, Illinois.  Petitioners ask for a writ of habeas corpus because they claim that they are being held in violation of their constitutional rights.  Petitioners allege that the Rushville facility is effectively a prison, and that the class members are being subjected to criminal punishment without due process.  Petitioners are asking the Court to enter habeas relief to enjoin the

1

State of Illinois from subjecting them to such confinement.  Petitioners ask the Court to certify a class for this habeas action of all persons who have been, are, or will be committed under the Act and placed in the Rushville facility.  For the reasons set forth below, the Motion is DENIED.

In the past, representative actions, analogous to class actions, were possible in federal habeas proceedings under limited circumstances.  United States ex rel. Morgan v. Sielaff, 546 F.2d 218 (7th Cir. 1976); Bijeol v. Benson, 513 F.2d 965 (7th Cir. 1975).  Rule 23 did not apply to habeas proceedings, but the principles of Rule 23 provided guidance for evaluating when to allow such representative actions.  Morgan, 546 F.2d at 221.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), however, made a major change in this Court's habeas jurisdiction.  Pub. L. 104-132, 110 Stat. 1214, amending 28 U.S.C. §§ 2244 & 2254.  That change makes a representative action inappropriate in this case.  The AEDPA prohibits successive habeas proceedings without prior permission from the Court of Appeals.  This Court lacks jurisdiction to hear any successive habeas petition without prior Court of Appeals' approval.  28 U.S.C. § 2244(b); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  Such approval is only granted in very limited circumstances.  28

U.S.C. § 2244(b)(2). This means that this Court cannot hear an action, representative or otherwise, on behalf of anyone in the proposed class who has already filed a federal habeas petition, unless and until, the Petitioners secure prior approval of the Court of Appeals. Thus, this Court cannot provide the relief sought for at least some of the proposed class members.

Petitioners have the burden to show that a representative action would be appropriate in this case. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993). Petitioners, however, provide no information regarding the number of potential class members who have already filed federal habeas petitions. Petitioners, thus, have failed to show that this Court would have jurisdiction over enough potential class members to make a representative action appropriate.[1]

A representative action will not work for the proposed class members who have not yet filed a federal habeas petition. The claims of proposed class members must be cohesive in a representative action for injunctive relief. In re St. Jude Medical, Inc., 425 F.3d 1116, 1121 (8th Cir. 2005);

---

[1]In the alternative, the Court could conduct a hearing for each potential class member to determine whether he had already filed a federal habeas petition. As discussed below, however, such individualized hearings would render the representative form of action unworkable.

<u>Barnes v. American Tobacco Co.</u>, 161 F.3d 127, 143 (3<sup>d</sup> Cir. 1998).  This means that the class members must have a common basis for the relief sought.  <u>Barnes</u>, 161 F.3d at 143.  If potential class members have other claims for habeas relief based on their individual circumstances, then a representative action either: (1) would become unworkable; or (2) would work significant unfairness on the rights of class members.  <u>Barnes</u>, 161 F.3d at 143.  If each potential class member could present his individual claims for habeas relief, then the representative action would become unworkable because the Court would have to adjudicate each class member's claims separately.  The representative action would break down into separate actions for individual relief.  If the Court considered only the claims brought by the named Petitioners, then the proposed class members would be harmed because they would be bound by the decision in this case even though their other individual claims were not considered.  <u>Id.</u>

The potential harm to proposed class members is magnified in the habeas context because each class member can only bring one habeas action without the permission of the Court of Appeals.  28 U.S.C. § 2244(b).  Many proposed class members may have individual claims that are unrelated to the Petitioners' theory of criminal confinement.  Those

4

proposed class members, in most cases, would be precluded from seeking habeas relief in a successive habeas petition.  In light of this risk to the rights of proposed class members, the Court would be forced to hear each class member's unrelated claims.  The individualized adjudication of each class member's unrelated claims would make the representative action unworkable.  A representative action, therefore, is not appropriate in this case.[2]

The Petitioners cite numerous cases to support their request for class certification.  Those cases, however, generally involved civil rights actions brought under 28 U.S.C. § 1983, not habeas corpus petitions.  The cases cited by the Petitioners also did not consider the effect of AEDPA on this Court's habeas jurisdiction or the rights of potential class members.  Given the jurisdictional limitations on successive habeas actions, the Court is convinced that a representative action either would be unworkable or would prejudice the rights of individual class members.  The individual Petitioners

---

[2]In addition, the Seventh Circuit has indicated that a representative action is not appropriate in a habeas proceeding if the petition raises genuine issues of fact as to each person in custody.  Bijeol, 513 F.2d at 968, n.2.  In this case, the treatment of each committed person would need to be proven to determine whether he or she was subjected to punishment without due process.  The factual differences in treatment would indicate that a representative habeas proceeding would not be appropriate in this circumstance.

may proceed with their own individual claims, but the class action request is denied.

THEREFORE, Petitioners' Motion to Submit Writ of Habeas Corpus as a Class Action (d/e 2) is DENIED.  The Respondent is directed to respond by October 31, 2007, to the Petition as an individual petition by each Petitioner.  Each Petitioner may reply by November 30, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:   September 6, 2007

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE