IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GREGORY MORRIS, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 07-3057 |
| | ) | |
| BRIAN THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioners': Motion for Leave to File Interlocutory Appeal (d/e 18); Motion for Certificate of Appealability (d/e 16); Renewed Motion to Appoint Counsel (d/e 17); Motion for Leave to Proceed In Forma Pauperis on Appeal (d/e 19); and Motion for Removal of Gregory Baskin as a Petitioner (d/e 20). Petitioners inform the Court that Baskin has died. The request to remove him from the case is, thus, allowed.

The Court forwards the Motion for Leave to File Interlocutory Appeal to the Court of Appeals for its consideration. The Petitioners wish to appeal this Court's Order entered September 6, 2007 (d/e 13) (Order), denying the

Petitioners' Motion to Submit Writ of Habeas Corpus as a Class Action (d/e 2). The Court will not certify this matter for interlocutory appeal. 28 U.S.C. § 1292(b). The Court is of the opinion that the issue of class certification is not a controlling question of law and that an interlocutory appeal will not materially advance the ultimate termination of the litigation.

The Court of Appeals, however, may in its discretion, hear interlocutory appeals of orders denying class certification. 28 U.S.C. § 1292(e); Fed. R. Civ. P. 23(f). The Court notes that appellate jurisdiction under Rule 23(f) may be unclear, but that question should be resolved by the Court of Appeals. See Rule 11 of the Rules Governing § 2254 Cases and Fed. R. Civ. P. 81(a)(2) (Federal Rules of Civil Procedure may apply to habeas proceedings to the extent they are not inconsistent with Rules Governing § 2254 Cases); but see, United States ex rel. Morgan v. Sielaff, 546 F.2d 218, 221 (7th Cir. 1976) (Rule 23 does not apply to habeas petitions).[1] The Clerk is therefore directed to forward the request for

---

[1] If Rule 23(f) applies, then the request for an interlocutory appeal must be made within ten days of the entry of the Order. Fed. R. Civ. P. 23(f). The ten-day period excludes weekends and holidays. Fed. R. Civ. P. 6(a); Fed. R. App. P. 26(a)(2). This Court entered the Order on September 6, 2007. The ten-day period, thus, ran on September 20, 2007. Petitioners mailed their request for interlocutory appeal on September 19, 2007. The request, therefore, was timely. Fed R. App. P. 4(c) (time to file notice of appeal for inmate confined in an institution runs from date of mailing); see Jones v. Bertrand, 171 F.3d 499, 501-02 (7th Cir. 1999) (extending mail box rule to pro

2

interlocutory appeal to the Court of Appeals for its consideration. The Court of Appeals should also address the request for appointment of counsel on appeal.

The request to proceed in forma pauperis on appeal is allowed, should the Court of Appeals allow the appeal to proceed. The Court previously allowed the Petitioners to proceed in forma pauperis. Opinion entered March 19, 2007 (d/e 4). The Petitioners, therefore, may proceed in forma pauperis on appeal. Fed. R. App. P. 24(a)(3).

The request for a certificate of appealability is denied as premature. Certificates of appealability are to be issued when a person in custody appeals from a final order in a § 2254 proceeding. 28 U.S.C. § 2253. The Petitioners are seeking leave to appeal an interlocutory order. Once a final order is entered in this case, the Petitioners may renew this request at that time if they decide to appeal that final order.

THEREFORE, Petitioners' Motion for Leave to File Interlocutory Appeal (d/e 18) and their Renewed Motion to Appoint Counsel (d/e 17) are referred to the Court of Appeals for its consideration. The Petitioners' Motion for Certificate of Appealability (d/e 16) is DENIED as premature.

---

se habeas petitions).

The Petitioners' Motion for Leave to Proceed In Forma Pauperis on Appeal (d/e 19) is ALLOWED, subject to the Court of Appeals' determination whether to allow the interlocutory appeal to proceed. The Petitioners' Motion for Removal of Gregory Baskin as a Petitioner (d/e 20) is ALLOWED. Due to his death, Petitioner Gregory Baskin is dismissed from this case. This case will proceed as previously ordered by this Court during the consideration of the interlocutory appeal unless stayed by order of the Court of Appeals. Fed. R. Civ. P. 23(f). Thus, Respondent's responses to each Petitioner's Petition are due by October 31, 2007. Any reply is due by November 30, 2007. Order entered September 6, 2007 (d/e 13), at 6.

IT IS THEREFORE SO ORDERED.

ENTER:   October 1, 2007

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE