IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY MORRIS, et al., ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> LARRY PHILLIPS, ) <br> ) <br> Respondent. ) | No. 07-3057 |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioners Gregory Morris, Gregory Baskin, Joshua Clemons, Harry Cain and Willie Henderson brought a habeas petition pursuant to 28 U.S.C. § 2254 to secure their immediate release from custody of the Illinois Department of Human Services (Department). Petitioner Baskin has since died, and he has been dismissed from this action. Opinion entered October 2, 2007 (d/e 22). Petitioners Morris, Clemons, and Cain have been adjudicated to be sexually violent persons (SVPs) under the Illinois Sexually Violent Persons Commitment Act (Act). 725 ILCS 207/1 et seq. The Department has placed these Petitioners in Respondent's custody at the Rushville Treatment and Detention Facility (Rushville Facility). Petitioner

1

Henderson is being held in the Rushville Facility, but his commitment proceeding is still pending in state court. Petitioners asked to proceed as a class action. That request was denied. <u>Opinion entered September 6, 2007 (d/e 13)</u>. The Petitioners are now proceeding on their individual claims.

The Respondent has moved to dismiss because the claims are either barred by the statute of limitations or are procedurally defaulted. <u>Motion to Dismiss the Petition for Writ of Habeas Corpus (d/e 25)</u>. For the reasons set forth below, the Court finds that the Petition should be dismissed without prejudice for failure to exhaust state remedies.

### STATEMENT OF FACTS

The Petitioners allege that the Rushville Facility is a prison and they are currently imprisoned. They allege that they are being subjected to punishment rather than being treated in a mental health facility. Petitioners allege that they have been deprived of their constitutional rights to liberty, to freedom from punishment and involuntary servitude, and to reasonable mental health services pursuant to the Fifth, Ninth, and Thirteenth Amendments, and to the Due Process and Equal Protection Clauses of the United States Constitution. They seek writs of habeas corpus for their immediate release from this imprisonment since none of them is now

serving a criminal sentence.

## ANALYSIS

A petitioner in state custody must first exhaust his remedies in state court before seeking habeas relief in this Court. 28 U.S.C. § 2254(b)(1)(A). Petitioner Henderson's commitment proceeding is still not final. He, therefore, has not exhausted his state remedies. His Petition is dismissed without prejudice so that he may pursue his claims fully in his state commitment proceeding. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

The remaining Petitioners also have not exhausted their state remedies. The Petitioners allege that they currently are being imprisoned in a penitentiary and are being punished, rather than being housed in a medical facility for the purpose of receiving mental health treatment. They allege that their current custody constitutes cruel and unusual punishment and involuntary servitude in violation of their constitutional rights. They are not challenging the validity of the adjudications in which they were found to be SVPs, or any subsequent review of that determination. Rather, they allege that they are not being treated in a mental facility; they are being punished in prison, and they are entitled to be released from prison.

Petitioners Morris, Clemons, and Thomas have not yet presented these claims in a state habeas proceeding.[1] A writ of habeas corpus is available in Illinois for a person who was taken into state custody legally, but who is entitled to immediate release now because some subsequent occurrence has made that custody illegal. 735 ILCS 5/10-124(2); Lieberman v. Budz, 356 Ill.App.3d 932, 935, 826 N.E.2d 1252, 1255 (Ill.App.3d Dist. 2005). This is essentially the Petitioners' theory: they may have been initially committed legally, but now the Department is imprisoning them and punishing them illegally. Petitioners have not pursued state habeas proceedings to secure their release from prison. They, therefore, have not exhausted their available state remedies, and this Court lacks jurisdiction to hear this case.

The Respondent argues that the Petitioners' claims are barred by the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The Court disagrees. The Petitioners allege that they are currently being illegally and unconstitutionally imprisoned and subject to involuntary servitude. Those alleged constitutional violations are current and ongoing, and the claims

---

[1] The Court is assuming the allegations are true for the purposes of the Motion to Dismiss. The Court offers no opinion as to whether the Petitioners should be entitled to state habeas relief or the nature of that relief, if any.

based on those allegations are not barred by the statute of limitations.

The Respondent also argues that the claims are procedurally defaulted. The Court disagrees. The prior court proceedings in which the Petitioners participated concerned the determinations that the Petitioners were SVPs, and the subsequent reviews of those determinations. Petitioner Morris also challenged the validity of the Act in various respects. The Petitioners' claims here are unrelated to those proceedings and those determinations. The Petitioners allege that, as SVPs, they are required to be placed in a medical facility for treatment. They allege that the Department instead has imprisoned them and subjected them to punishment, and they are entitled to be released from that imprisonment. The claims alleged, thus, are based on allegedly illegal acts that occurred subsequent to their commitment, which illegal acts are alleged to be ongoing. Those claims are not procedurally defaulted.

The Petitioners, however, must take this matter to state court. If they are unsuccessful in state court, they cannot return to this Court to seek habeas corpus relief until they give the state a full and fair opportunity to adjudicate these claims, which includes appealing all the way to the Illinois Supreme Court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Guest

5

v. McCann, 474 F.3d 926, 929 (7th Cir. 2007).  It is also doubtful that habeas relief would be available in the court even then.  This Court cannot provide habeas relief to an "as-applied" challenge to a civil commitment statute.  Seling v. Young, 531 U.S. 250, 264-65 (2001).  The Petitioners' only available remedy before this Court would be an action for damages and injunction relief.  Id.

    THEREFORE, the Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus (d/e 25) is ALLOWED.  The Petition for Habeas Corpus (d/e 5) is dismissed without prejudice for failure to exhaust state remedies.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   March 27, 2008

    FOR THE COURT:

                                         s/ Jeanne E. Scott
                                         JEANNE E. SCOTT
                                 UNITED STATES DISTRICT JUDGE