IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY MORRIS, et al., | ) |
| Petitioners, | ) ) ) |
| v. | ) No. 07-3057 |
| LARRY PHILLIPS, | ) ) ) |
| Respondent. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Respondent's Motion to Alter and Amend the Judgment Pursuant to Rule 59(e) and Reconsider this Court's March 28, 2008 Opinion (d/e 36). After careful consideration of the Motion, the Court allows the Motion in part.

The purpose of a Rule 59(e) Motion is to correct a manifest error of law or fact. County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 819 (7th Cir. 2006). The Respondent raises three points that he believes constitutes such errors: (1) the failure to exhaust state remedies does not deprive this Court of subject matter jurisdiction; (2) the claims of Cain, Clemons, and Morris were procedurally defaulted; and (3) this Court

1

should proceed under 28 U.S.C. § 2254 rather than 42 U.S.C. § 1983. The Court has reviewed the matter and determined that the failure to exhaust state remedies does not deprive the Court of subject matter jurisdiction. The Court can deny habeas relief on the merits notwithstanding a failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2). The Court, therefore, will address the matter on the merits.

On the merits, Petitioners Cain, Clemons, and Morris are making an "as applied" challenge to the conditions of their ongoing custody; they allege that the Respondent is, in fact, punishing them as criminals rather than providing medical treatment for their mental conditions, in violation of their constitutional rights. See Opinion, at 3-4. The Supreme Court has determined that habeas relief is not available to civilly committed persons who are making an "as applied" challenge to their custody. Seling v. Young, 531 U.S. 250, 264-65 (2001). The Petitioners have been civilly committed under the Illinois Sexually Violent Persons Commitment Act (Act). 725 ILCS 207/1 et seq.; see In re Varner, 207 Ill.2d 425, 432-33, 800 N.E.2d 794, 798-99 (Ill., 2003) (upholding civil commitment under the Act). Thus, on the merits, they are not entitled to habeas relief on their claims. Their claims are dismissed with prejudice.

The remainder of the Respondent's request is denied. The Court properly concluded that the claims of Cain, Clemons, and Morris were not procedurally defaulted. As explained in the Opinion entered March 28, 2008 (d/e 34), their claims relate to their alleged ongoing illegal incarceration and punishment. Based on the record submitted, these claims have not yet been adjudicated in state court and are not procedurally defaulted. See Opinion, at 3-4.[1]

The Court also treated this case as a habeas action under § 2254, not an action under § 1983. The Court only observed in the Opinion that if the Petitioners wanted to return to this Court, their remedy would be an action for damages or an injunction. Opinion, at 6. The Opinion did not state that the Petitioners could pursue a claim for damages or an injunction in this action. The Petitioners would need to file a separate action. The Opinion on this point was correct as written.

THEREFORE, Respondent's Motion to Alter and Amend the

---

[1] The Court stated that the Petitioners could seek habeas relief. Opinion, at 4. The Respondent disputes this. Regardless, Petitioners could seek relief in a mandamus proceeding. See e.g., Tedder v. Fairman, 92 Ill.2d 216, 227, 441 N.E.2d 311, 315-16 (Ill., 1982) (discussing the availability of appointed counsel for prisoners seeking mandamus relief to challenge conditions of confinement). Thus, state remedies are available and have not been procedurally defaulted.

Judgment Pursuant to Rule 59(e) and Reconsider this Court's March 28, 2008 Opinion (d/e 36) is ALLOWED in part. This Court has subject matter jurisdiction and dismisses the claims of Petitioners Gregory Morris, Joshua Clemons, and Harry Cain with prejudice. The Motion is otherwise denied. The Clerk is directed to file an amended judgment.

IT IS THEREFORE SO ORDERED.

ENTER: April 23, 2008

    FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE